



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Paul A. Riley*
*Assistant United States Attorney*
*Paul.Riley@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4959*
*MAIN: 410-209-4800*
*FAX: 410-962-0716*

April 3, 2018

Charles L. Waechter, Esq.
1435 Sulphur Springs Road
Baltimore, MD 21227

Re: *United States of America v. Jeffrey Roger Forwood*, Criminal No. GLR-18-00075

Dear Mr. Waechter:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant in the above referenced cases by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by **April 13, 2018**, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

1.      The Defendant agrees to plead guilty to Count One of the Indictment charging him with Distribution of Child Pornography, in violation of Title 18, United States Code, Section 2252(a)(2). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

### Elements of the Offense

2.      The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

    a.      On or about September 21, 2017, in the District of Maryland, the Defendant knowingly distributed a visual depiction;

    b.      The depiction was shipped or transported in and affecting interstate or foreign commerce by any means, including computer;

    c.      Producing the visual depiction involved using a minor engaged in sexually explicit conduct;

    d.      The depiction is of a minor engaged in sexually explicit conduct; and

    e.      The Defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

1

**Penalties**

3.      The maximum sentence provided by statute for the offense to which your client is pleading guilty is as follows: imprisonment for not less than five (5) years and not more than twenty (20) years, followed by a term of supervised release of not less than five years and not more than life and a fine of up to $250,000. In addition, the Defendant must pay $100 as a special assessment pursuant to Title 18, United States Code, Section 3013, and must pay a $5,000 special assessment pursuant to 18 U.S.C. § 3014(a), which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to Title 18, United States Code, Sections 2259, 3663, 3663A, and 3664. If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to Title 18, United States Code, Section 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked—even on the last day of the term—and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

4.      The Defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

**Waiver of Rights**

5.      The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

a.      If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.      If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

d.      The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

e.      If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f.      The Defendant further waives any and all motions, defenses, probable cause determinations, objections which Defendant could assert to the Indictment or to the Court's entry of judgment against the Defendant, and any imposition of sentence upon the Defendant consistent with this agreement. If the Defendant files a notice of appeal, notwithstanding this agreement, the Defendant agrees that this case shall be remanded to the district court to determine whether the Defendant is in breach of this agreement and, if so, to permit the United States to withdraw from the plea agreement.

g.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

h.      If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

i.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences is the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

6.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

7.     This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto, which are true and which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors, except as noted below:

## Count One (Distribution of Child Pornography)

a.     **Base Offense Level:** The base offense level is twenty-two (22) pursuant to U.S.S.G. §2G2.2(a)(2).

b.     **Minors under Twelve:** Pursuant to U.S.S.G. § 2G2.2(b)(2), there is a two (2) level increase because the depictions involved prepubescent minors or minors under the age of twelve (12).

c.     **Distribution:** Pursuant to U.S.S.G. § 2G2.2(b)(3)(F), there is a two (2) level increase because the Defendant knowingly distributed visual depictions of minors engaged in sexually explicit conduct by means of a peer-to-peer file-sharing program.

d.     **Use of a Computer:** Pursuant to U.S.S.G. § 2G2.2(b)(6), there is a two (2) level increase because the distribution involved the use of a computer.

e.     **More than 150 images:** Pursuant to U.S.S.G. § 2G2.2(b)(7)(B), there is a three (3) level increase because the number of images involved in the offense and relevant conduct is at least 150, but fewer than 300.

f.     **Pattern of Activity Involving the Sexual Abuse of Exploitation of a Minor:** Pursuant to U.S.S.G. § 2G2.2(b)(5), there is a five (5) level increase because the Defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor.  The Defendant objects to this increase and reserves the right to argue this at sentencing.

g.     **Acceptance of Responsibility:** This Office does not oppose a 2-level reduction in the Defendant's combined offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct.  This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty.  This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

h.     **Final Offense Level:** The final anticipated offense level is either 33 or 28.

8.     The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career

offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

9. The parties agree that, with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in Chapters 2, 3, 4 or 5 of the United States Sentencing Guidelines will be raised or are in dispute.

10. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

### Obligations of the United States Attorney's Office

11. At the time of Sentencing, this Office will move to dismiss all remaining open Counts against the Defendant.

### Waiver of Appeal

12. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction.

b. Should the Defendant agree to plead guilty, regardless of the sentence imposed, the Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

c. The Defendant's knowing and voluntary waiver of the right to appeal the conviction and sentence includes waiving the right to raise on appeal any argument that (1) the statute to which the Defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute.

d. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

e. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

f. The Defendant further waives any and all motions, defenses, probable cause determinations, or objections which Defendant could assert to the Indictment.

5

### Forfeiture

13.     The Defendant agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from his residence on October 25, 2017, and further agrees to take whatever steps are necessary to pass clear title to those properties to the United States, including, but not limited to: one DELL VOSTRO DESKTOP COMPUTER, containing a Seagate Barracuda 500 GB hard drive, s/n: 9VM66Z31.

### Restitution

14.     The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663 and 3663A and §§ 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of the actual, total losses caused by the offense conduct set forth in the factual stipulation. The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement.

### Obstruction or Other Violations of Law

15.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw his guilty plea, or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea if the Court finds that the Defendant engaged in obstructive or unlawful behavior and/or failed to acknowledge personal responsibility.

### Court Not a Party

16.     The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant

information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

17.     This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Stephen M. Schenning
Acting United States Attorney

By:

Paul A. Riley
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

Jeffrey Forwood
Defendant

5/1/2018
Date

I am Mr. Forwood's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

Charles Waechter, Esq.

5/1/2018
Date

7

**Attachment A**

*The undersigned parties hereby stipulate and agree that the following facts are true and accurate, and that if this matter had gone to trial, the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter gone to trial.*

Jeffrey Roger Forwood ("Forwood"), age 49, is a resident of Bel Air, Maryland. During the summer and fall of 2017, Forwood distributed child pornography to an undercover law enforcement officer ("UC") via the Internet-based BitTorrent network and a file-sharing program.

On September 21, 2017, the UC downloaded 38 videos depicting minors, including pre-pubescent minors, engaged in sexually explicit conduct from a computer using the IP address associated with Forwood's home. Among those videos was a file with the title: "4Yo Girl And 8Yo Suck Look Ptsc Kleuterkutje Hussyfan Yamad Kingpass Moscow Pedo.mpg," charged in Count One of the Indictment.

Consequently, investigators on October 25, 2017 executed a search and seizure warrant at Forwood's home. After voluntarily waiving his *Miranda* rights, Forwood admitted to searching for, downloading, and watching child pornography using the "the onion router" (TOR) and the file-sharing program, stating, "I download it, view it, do what I have to do, then delete it." He likewise stated that he has been downloading and viewing child pornography for approximately 20 years.

Though he claimed he never intended to share any of the child pornography that he downloaded, Forwood acknowledged that he understood generally how peer-to-peer file-sharing works and admitted to seeing the program sharing child pornography files he had previously downloaded. However, he also claimed that when he saw that program was sharing, he would stop it from doing so. He stated that he used the wiping software CC Cleaner, as well as other programs, to delete child pornography from his computer to avoid detection by law enforcement.

Forwood admitted during a second interview with law enforcement that he was sexually attracted to pre-pubescent girls that were "still developing" and again admitted to downloading videos and images of 12, 13, and 14-year old children.

Forwood stated that he inadvertently touched two 11 or 12 year-old girls that were friends of his daughter 7-10 years ago. Forwood explained that (1) one of the girl's breasts touched his mouth when they were wrestling in his pool in the presence of the girl's mother and that, on another occasion, he inadvertently felt her pubic hair beneath her bikini when he was holding her in a hot tub; and (2) he inadvertently touched the other girl's breast while carrying her up to bed after she had fallen asleep.

Forwood admitted to masturbating to the memory of the child's breast touching his mouth and acknowledged that he was excited to touch the other child's breast because it was a fantasy of his. Forwood admitted to taking both children's underwear while they were visiting his home on separate occasions and masturbating to the underwear on several occasions too.

1

Law enforcement interviewed the young women; both denied that anyone had ever touched them inappropriately.

While on scene at Forwood's home, law enforcement noticed that a wiping program had finished running the day before and that TOR artifacts were among those wiped from the computer.

A forensic examination of Forwood's computer, a Dell Vostro desktop, by a Department of Homeland Security/Homeland Security Investigations certified forensic examiner revealed, among other things:

- That the "owner" of the computer was "Jeff" with an associated user account of "Jeff2";

- More than 200 images of child pornography in the computer's unallocated space;

- Indicia of the existence of TOR;

- Indicia of the existence of the file-sharing program;

- A log showing various downloads of videos depicting child pornography from the file sharing program, including the video charged in Count One of the Indictment;

- Various "jump files" indicating that various files indicative of CP were played on the computer; and

- Three separate wiping programs—Kremlin Wipe, CC Cleaner, and Bleach Bit.

The hard drive within the computer was manufactured outside of the District of Maryland, and the Internet is a facility of interstate commerce.

***

I have reviewed the foregoing statement of facts with my attorney, understand it, agree with it, and do not wish to change any part of it. I further understand that it is included as part of my plea agreement with the government in this case.

_____  5/1/2018
Jeffrey Roger Forwood

I am Mr. Forwood's attorney. I have carefully reviewed the statement of facts with him.

_____
Charles Waechter, Esq.
Counsel for Defendant

2